
UNITED STATES OF AMERICA

v.  CASE NO. 6:18-cr-184-Orl-37TBS
    21 U.S.C. § 846
BARBARA CAYLOR-HERNANDEZ    21 U.S.C. § 841(a)(1)
  a/k/a Barb
  a/k/a Barbie
RAMIRO FRAIRE-CHAVARRIA
MICHAEL BABIN
MELANIE KERR
KEITH SIMMONS
CARLA RAY
SPENCER BURKARD
ROBERT FOSTER
DANIEL BARBARINO
ANDREW SHETTLER
  a/k/a "Yeti"
BRIAN BURT
  a/k/a "Sledge"
LAWRENCE SANN

## INDICTMENT

The Grand Jury charges:

## COUNT ONE

Beginning on an unknown date, but not later than on or about October 1, 2017, and continuing through on or about August 15, 2018, in the Middle District of Florida, and elsewhere, the defendants,

BARBARA CAYLOR-HERNANDEZ
a/k/a Barb
a/k/a Barbie

RAMIRO FRAIRE-CHAVARRIA
MICHAEL BABIN
MELANIE KERR
KEITH SIMMONS
CARLA RAY
SPENCER BURKARD
ROBERT FOSTER
and
DANIEL BARBARINO,

did knowingly, willfully, and intentionally conspire with each other and other persons, both known and unknown to the Grand Jury, to possess with intent to distribute a controlled substance.

With respect to BARBARA CAYLOR-HERNANDEZ, a/k/a Barb, a/k/a Barbie, RAMIRO FRAIRE-CHAVARRIA, MICHAEL BABIN, MELANIE KERR, KEITH SIMMONS, CARLA RAY, SPENCER BURKARD, ROBERT FOSTER, and DANIEL BARBARINO, the violation involved 50 grams or more of methamphetamine, a Schedule II controlled substance, and is therefore punished under 21 U.S.C. § 841(b)(1)(A).

All in violation of 21 U.S.C. § 846.

## COUNT TWO

Beginning on an unknown date, but not later than on or about October 1, 2017, and continuing through on or about August 15, 2018, in the Middle District of Florida, and elsewhere, the defendants,

BARBARA CAYLOR-HERNANDEZ
a/k/a Barb

a/k/a Barbie
MELANIE KERR
BRIAN BURT
a/k/a "Sledge"
ANDREW SHETTLER
a/k/a "Yeti"
and
LAWRENCE SANN,

did knowingly, willfully, and intentionally conspire with each other and other persons, both known and unknown to the Grand Jury, to possess with intent to distribute a controlled substance.

With respect to BARBARA CAYLOR HERNANDEZ, a/k/a Barb, a/k/a Barbie, MELANIE KERR, BRIAN BURT, a/k/a "Sledge," and ANDREW SHETTLER, a/k/a "Yeti," the violation involved 50 grams or more of methamphetamine, a Schedule II controlled substance, and is therefore punished under 21 U.S.C. § 841(b)(1)(A).

With respect to LAWRENCE SANN, the violation involved 5 grams or more of methamphetamine, a Schedule II controlled substance, and is therefore punished under 21 U.S.C. § 841(b)(1)(B).

All in violation of 21 U.S.C. § 846.

## COUNT THREE

On or about February 21, 2018, in the Middle District of Florida, the defendant,

SPENCER BURKARD,

did knowingly and intentionally distribute a controlled substance, which violation involved 50 grams or more of methamphetamine, a Schedule II controlled substance, and is therefore punished under 21 U.S.C. § 841(b)(1)(A).

In violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).

### COUNT FOUR

On or about April 12, 2018, in the Middle District of Florida, the defendant,

ROBERT FOSTER,

did knowingly and intentionally possess with the intent to distribute a controlled substance, which violation involved 50 grams or more of methamphetamine, a Schedule II controlled substance, and is therefore punished under 21 U.S.C. § 841(b)(1)(A).

In violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).

### COUNT FIVE

On or about April 27, 2018, in the Middle District of Florida, the defendant,

KEITH SIMMONS,

did knowingly and intentionally possess with the intent to distribute a controlled substance, which violation involved 50 grams or more of

methamphetamine, a Schedule II controlled substance, and is therefore punished under 21 U.S.C. § 841(b)(1)(A).

In violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).

## **FORFEITURE**

1. The allegations contained in Counts One through Five of this Indictment are incorporated by reference for the purpose of alleging forfeitures pursuant to 21 U.S.C. § 853.

2. Upon conviction of a violation of 21 U.S.C. §§ 846 and 841, the defendants shall forfeit to the United States of America, pursuant to 21 U.S.C. § 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense.

3. If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Sean P. Shecter
Assistant United States Attorney

By: _____
Roger B. Handberg
Assistant United States Attorney
Chief, Orlando Division

FORM OBD-34
August 18

No.

# UNITED STATES DISTRICT COURT
Middle District of Florida
Orlando Division

THE UNITED STATES OF AMERICA

vs.

BARBARA CAYLOR-HERNANDEZ
a/k/a Barb
a/k/a Barbie
RAMIRO FRAIRE-CHAVARRIA
MICHAEL BABIN
MELANIE KERR
KEITH SIMMONS
CARLA RAY
SPENCER BURKARD
ROBERT FOSTER
DANIEL BARBARINO
ANDREW SHETTLER
a/k/a "Yeti"
BRIAN BURT
a/k/a "Sledge"
LAWRENCE SANN

## INDICTMENT

Violations: 21 U.S.C. §§ 846 and 841(a)(1)

A true bill,

_____
Foreperson

Filed in open court this 9th day

of August, 2018.

_____
Deputy Clerk

Bail $_____

GPO 863 525